### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE CENTRAL DISTRICT OF ILLINOIS
### SPRINGFIELD DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| BRETHREN HOME OF GIRARD, ILLINOIS, ) | Case No.: 19-70990 |
| An Illinois Not-for-Profit Corporation, d/b/a ) | |
| d/b/a PLEASANT HILL VILLAGE, ) | |
| ) | |
| Debtor. ) | |

### MOTION TO USE CASH COLLATERAL

NOW COMES Debtor, BRETHREN HOME OF GIRARD, ILLINOIS, d/b/a PLEASANT HILL VILLAGE, by and through its attorneys, R. STEPHEN SCOTT and SCOTT & SCOTT, P.C., and pursuant to Section 363 of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 4001 and 9014, hereby moves this Honorable Court for entry of an Order authorizing the use of cash collateral, scheduling a preliminary and final hearing thereon, and in support thereof, states as follows:

1. On July 10, 2019, Debtor filed its Voluntary Petition under Chapter 11 of the Bankruptcy Code and upon entry of an order for relief will operate its business and manage its property as Debtor-in-Possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

2. This Court has subject matter jurisdiction over this motion pursuant to 28 U.S.C. § 1334 and this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(M) and (N). The statutory bases for the relief requested herein are Code Section 363(c)(2) and Bankruptcy Rules 4001 and 9014.

3. No committee of unsecured creditors has been appointed pursuant to Section 1102 of the Bankruptcy Code and no request has yet been made by any party in interest for the appointment of a Trustee or Examiner herein.

4. At the time of filing the petition herein, Debtor was and is engaged in the operation of providing a 48 unit independent and assisted living facility known as the Pleasant Hill Residence. Debtor previously had also operated a skilled care nursing facility known as Pleasant Hill Healthcare, which was closed on August 22, 2018 due to its inability to operate on a break-even basis.

5. The 48 unit Pleasant Hill Residence facility has an appraisal value of $4,900.000 as of September 28, 2018, and is pledged as collateral through Mortgage and Security Agreement to the City of Girard, Illinois, which issued $4,950,000 of Economic Development Revenue Bonds in October, 2003. The bond issued financing was for the purpose of to constructing 16 new residential apartment units which are included as a part of the said 48 unit independent and assisted living facility, residential apartment units and to refinance the balance of the debt then due on the 36 previously constructed residential units. HICKORY POINT BANK & TRUST, fsb purchased such bonds in their entirety, is secured by the Mortgage and Security Agreement, and further holds a cash reserve fund in the amount of approximately $330,000.00 as security for the payment of bond principal and interest. Further, HICKORY POINT BANK & TRUST, fsb claims a perfected security interest in all the accounts receivable and revenues pertaining to the said 48 units Pleasant Hill Residence referred in the bond documents as the "Project," and also all accounts and receivable accounts, general intangibles and chattel paper with respect to the Project by virtue of the Mortgage and Security

Agreement, the Bond Purchase Agreement and a Financing Statement filed October 30, 2003 with the Illinois Secretary of State as document no. 7766092. The balance due HICKORY POINT BANK & TRUST on the bonds is $2,469,553.00.

6. The FIRST NATIONAL BANK OF RAYMOND claims a security interest in all accounts and other rights to payment as security for promissory notes dating back to May 15, 2002, and by virtue of Security Agreement dated May 15, 2002 and Financing Statement filed May 17, 2002 with the State of Illinois as document no. 5272882. The accounts receivable from the closed skilled nursing facility of Debtor, comprised primarily of Medicare and Medicaid receivables, is approximately $1,028,000. The balance due FIRST NATIONAL BANK OF RAYMOND is $927,334.88.

7. There is an issue of the priority of the security interests of FIRST NATIONAL BANK OF RAYMOND and HICKORY POINT BANK & TRUST in the accounts receivable of Debtor. The Financing Statement filed by FIRST NATIONAL BANK OF RAYMOND on May 17, 2002, and continued thereafter, refers to the Debtor as "BRETHREN HOME OF GIRARD, d/b/a PLEASANT HILL VILLAGE," when the full legal name of the Debtor was and is **"BRETHREN HOME OF GIRARD, ILLINOIS.'** Pursuant to 810 ILCS 5/9-503(a)(1), a financing statement sufficiently provides the name of the Debtor which is a registered organization, only if the financing statement provides the name that is stated to be the registered organization's name on the public organic record filed with the registered organization's jurisdiction or organization which purports to state, amend, or restate the registered organization's name. Pursuant to 810 ILCS 5/9-506(c), if the search of the record of the filing office under the Debtor's correct name using a filing office's standard search logic would disclose the financing

3

statement that fails sufficiently to provide the name of the Debtor in accordance with Section 9-503(a), the name provided does not make the financing statement seriously misleading. Further notably, the note held by FIRST NATIONAL BANK OF RAYMOND from BRETHREN HOME OF GIRARD, IL, dated May 31, 2018, recites it is secured by a Security Agreement dated May 22, 2006, which was filed June 5, 2006 as File No. 011028543.

8. The Bankruptcy Court will be left to determine the priority of the security interests claimed by HICKORY POINT BANK & TRUST, fsb and FIRST NATIONAL BANK OF RAYMOND in the accounts receivable of the Debtor. However, Debtor will require the ongoing use of the accounts receivable collected from the continuing operation of its 48 unit Pleasant Hill Residence residential apartment units used for independent and assisted living purposes to continue to operate such facility.

9. Debtor projects that it will have sufficient funds from the operation of its 48 unit independent living and assisted living facility to pay the debt service due Hickory Point Bank & Trust, fsb during the five year period following the petitioner filing. Further, Hickory Point Bank, fsb is oversecured by virtue of its Mortgage and security interest in Debtor's improved real property valued at $4,900,000 and its approximate $330,000 cash reserve fund pledged as security for the bonds. See attached Exhibit A, the 5 year projection for the 28 unit independent living and assisted living facility.

10. First National Bank of Raymond is over secured to the extent that the closed nursing home accounts receivable of approximately $1,002,000 exceed the $927,334 balance of secured debt due it from Debtor.

11. Pending reorganization and emergence from bankruptcy, Debtor intends to continue to operate its' 48 unit independent and assisted living facility on the real estate it now owns in Girard, Illinois and to meet its' ongoing operating obligations for payroll, utilities, insurance, maintenance, assisted living and taxes (operating costs) with the revenue generated by rental income received from the independent living and assisted living units. However, the ongoing rights to revenues and accounts of the 48 unit independent and assisted living facility is subject to the claimed security interests of Hickory Point Bank & Trust, fsb and First National Bank of Raymond.

12. Debtor will suffer irreparable harm if Debtor is not authorized to use the ongoing rental income from operation of its' 48 unit independent living and assisted living facility to meet its' ongoing operating costs and debt service applicable to such facility due to Hickory Point Bank & Trust, fsb in that its operation of such residential units would otherwise have to close with the value of its' facility greatly diminished.

13. Debtor proposes to provide adequate protection to Hickory Point Bank & Trust, fsb by continuing to pay the debt service on the bonded indebtedness held by Hickory Point Bank & Trust Company, fsb and to continue its security interest in Debtor's real estate and the $330,000 cash reserve fund. Debtor proposes to provide adequate protection to First National Bank of Raymond by paying it all of the accounts receivable collected and related to its now closed nursing home facility which are estimated to have a collectable value of $1,002,000 use figures.

14. Authorization to use the cash collateral in the form of rents from the continued operation of the 48 unit independent living and assisted living facility will not unduly prejudice the rights of Hickory Point Bank & Trust, fsb, as Debtor proposes to

5

maintain the security interest of Hickory Point Bank & Trust, fsb in all of Debtor's improved real estate and the $330,000 cash reserve fund as well as provide continuing debt service payments from the collection of rents from the 48 unit independent and assisted living facility.

15. Authorization to use the cash collateral in the form of rents from the 48 unit independent and assisted living residential units will not unduly prejudice the rights of First National Bank of Raymond as Debtor proposes to continue the bank's security interest in the outstanding accounts receivable of the closed nursing home facility, the collection of which accounts has continued since the closing of the nursing home facility and has been used to pay the indebtedness due the First National Bank of Raymond. First National Bank of Raymond will further be given a replacement lien in the nursing home accounts receivable and in the Debtor in possession separate account established for collection of such accounts receivable, provided the Bankruptcy Court determines First National Bank of Raymond holds a priority security interest in such closed nursing home accounts.

16. Debtor proposes to establish separate Debtor in possession operating accounts to segregate the rents collected from the 48 unit independent and assisted living facility and the collection of accounts receivable from the closed nursing home operations. The Debtor in possession's operating account for collection of rents from the 48 unit independent and assisted living facility will be used to pay its ongoing operating costs for the operation of the facility. The Debtor in possession's separate account for collection of the closed nursing home accounts receivable will be used to pay the indebtedness due to First National Bank of Raymond.

17. Pursuant to Bankruptcy Rule 4001(b)(2), a minimum of 14 words and figures days' notice is required before a hearing on this motion may commence and that notice must be served and those creditors included on the list filed pursuant to Rule 1007(d) and upon such other entities as the Court may direct.

WHEREFORE, Debtor, BRETHERN HOME OF GIRARD, ILLINOIS, d/b/a PLEASANT HILL VILLAGE, requests the Court enter an Order pursuant to 11 U.S.C. §363(c)(2)(b) as follows:

A. Authorizing Debtor to use cash collateral in the form of rents received from the operation of its' 48 unit independent and assisted living facility for use to pay its' ongoing operating costs for such facility and to pay the debt service due to Hickory Point Bank & Trust, fsb secured by such facility;

B. Authorizing Debtor to apply accounts receivable collected from its' closed nursing home operation to the secured debt of First National Bank of Raymond;

C. Setting a preliminary hearing to consider authorizing use of the cash collateral in the form of rents from Debtor's independent living and assisted living residential units as necessary to avoid immediate and irreparable harm to the bankruptcy estate pending a final hearing;

D. Setting a final hearing thereon to consider the continuation of any interim Order or provide other relief as the Court determines;

      E.      For such other, further and different relief as the Court deems just.

Respectfully submitted,

BRETHREN HOME OF GIRARD, ILLINOIS,
d/b/a PLEASANT HILL VILLAGE, Debtor,

BY SCOTT & SCOTT, P.C., its' attorney

By:_____
     R. STEPHEN SCOTT
     One of Its' Attorneys

**PREPARED BY:**
R. Stephen Scott  (2533391)
SCOTT & SCOTT, P.C.
Attorneys at Law
611 East Monroe Street, Suite 200
Springfield, Illinois  62701
Telephone:  (217) 753-8200
Facsimile:  (217) 753-8206

STATE OF ILLINOIS            )
                             ) ss
COUNTY OF SANGAMON           )

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that an exact copy of the above and foregoing instrument was served upon the following parties by electronic transmission through the Case Management/Electronic Case Filing System of the U.S. Bankruptcy Court to:

U. S. Trustee

Jeff Richardson

on this 10th day of July, A.D., 2019.

Further the undersigned hereby certifies that an exact copy of the above and foregoing instrument was served upon the following parties by First Class Mail, postage prepaid, sent to each of the addresses as indicated in Debtor's List of Creditors filed pursuant to Bankruptcy Rule 1007(d).

\*\*\* See Creditor's List Attached.

       /s/ Vikki Lynn Abernathy

Subscribed and sworn to before me this 10th day of July, A.D., 2019.

       /s/ Brenda Ann Larson
       NOTARY PUBLIC